

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-20-00003-CR**

**IN RE ANTHONY CHATMON**

---

**Original Proceeding**

---

# MEMORANDUM OPINION

In this original proceeding,[1] Relator Anthony Chatmon seeks a mandamus from this Court directing the Honorable Trent D. Farrell, presiding judge of the 52nd Judicial District Court of Coryell County, to rule on two motions he claims are pending in the trial court: (1) a "Motion for Time Credit, Discharge and Release"; and (2) a "Nunc Pro Tunc Motion for Credit Toward Pecuniary Costs."

---

[1] Chatmon's petition for writ of mandamus has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). The petition also lacks proof of service on the Respondent trial judge. *See id*. 9.5, 52.2. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules. *Id*. 2.

In order to be entitled to mandamus relief, a relator must show that he has no adequate remedy at law and that he seeks to compel a purely ministerial act. *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017); *see also In re Flanigan*, 578 S.W.3d 634, 635 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). What is a reasonable time depends upon the facts and circumstances of each case. "Determining whether the trial court has had a reasonable time may involve consideration of criteria such as the trial court's actual knowledge of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters." *In re Howard*, No. 05-19-01196-CV, 2019 WL 5615163, at *1 (Tex. App.—Dallas Oct. 30, 2019, no pet.) (orig. proceeding) (mem. op.). The burden is on the relator to provide the appellate court with evidence related to the foregoing criteria to enable it to determine the reasonableness of any alleged delay. *Id.*; *Chavez*, 62 S.W.3d at 228-29.

Additionally, the trial judge's duty to rule on a party's motion generally does not arise until the movant has brought the motion to the judge's attention. *Chavez*, 62 S.W.3d at 228. Mandamus will not lie unless the relator establishes that he has done so and that the trial judge then fails or refuses to rule within a reasonable time. *Id*.

Chatmon does not provide us with the actual dates his motions were filed, but we will assume the dates of filing are the dates he has placed on his cover letters to the district clerk—November 18, 2019 and November 23, 2019. Chatmon does not contend, and provides no evidence, that he has brought the motions directly to the trial court's attention or specifically requested a ruling from the trial court. The cover letters Chatmon provides as exhibits are both addressed to the Coryell County District Clerk, not the trial court. Additionally, approximately two months have passed since Chatmon's motions were filed. We conclude that Chatmon has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

In the event Chatmon requests a ruling from the trial court on his motions, and the trial court fails or refuses to act upon his request after a reasonable time has transpired, Chatmon may then file for mandamus relief.

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
  (Chief Justice Gray dissenting with opinion)
Petition denied
Do not publish
Opinion delivered and filed January 29, 2020
[OT06]

