**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed April 14, 2020.**



In the

# Fourteenth Court of Appeals

**NO. 14-20-00204-CR**
**NO. 14-20-00205-CR**

## IN RE FRANKLIN HURTADO GOMEZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 38751 & 38752**

## CONCURRING OPINION

Once again this court denies mandamus relief to an incarcerated person in part on the erroneous notion that in criminal cases, motions—other than motions for new trial—must in effect be *presented* to the trial court, not merely *filed*. A majority of the *In re Pete* court recognized that the appellate opinions setting forth special rules for incarcerated persons in criminal cases (the "extra rules") have an underlying basis in civil procedure and motion-for-new-trial criminal procedure, not procedure

authorized by the legislature in the Code of Criminal Procedure. *Pete*, 589 S.W.3d 320, 324 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain & Poissant, JJ., concurring).[1]

As in *Pete*, there is a simple, meritorious basis for the court to deny the petitions based on Texas Rule of Appellate Procedure 52.3(k)(1)(A)—the lack of a proper appendix containing a certified or sworn copy of the documents showing the matter complained of, *i.e.*, the motion for judgment nunc pro tunc.[2] *Id.* at 322. Relator makes no express claim that he is unable to file the required appendix. *See In re Flanigan*, 578 S.W.3d 634, 638 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring).[3]

Rather than follow the Texas Rules of Appellate Procedure, the court continues to cite cases that set out "extra rules" that an incarcerated person cannot satisfy without the cooperation of others. And if for any reason the "others" don't cooperate, then it appears the answer to the incarcerated person is, "Too bad."[4]

---

[1] The court correctly points out the continuing lack of agreement within the court, but it does not offer a substantive discussion regarding why the *Pete* two-judge concurrence is incorrect.

[2] Neither Texas Rule of Appellate Procedure 52.3(k)(1)(A) nor 52.7(a)(1) requires that a motion included in either the appendix or record must be a "file-stamped copy of the motion." Instead, both rules require such a motion to be a "certified or sworn copy." Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1). It is the court's "extra rules" that require a "file-stamped copy of the motion."

[3] The court cites *Padilla v. McDaniel* as justification for this court creating a general requirement in criminal cases that incarcerated persons must in effect present motions—other than a motion for new trial—to the trial court. I do not read *Padilla* as supporting adoption of this part of the "extra rules." 122 S.W.3d 805 (Tex. Crim. App. 2003).

[4] If an incarcerated person mails a motion or other request for relief that is properly addressed and contains sufficient postage, then should it not be assumed the request was received? And if, for whatever reason, the sender does not receive a response from the trial-court judge or clerk, then how does the sender conclusively prove that the request for relief was received? Even if the sender pays for a "green card" (Domestic Return Receipt PS Form 3811), that does not conclusively prove what was sent. The "extra rules" require a "file-stamped copy," for which the

I do not understand why an appellate court believes it is appropriate to adopt "extra rules" that effectively bar the incarcerated person from access to mandamus and other extraordinary relief. The justices on this court manage to hear and decide matters assigned to them, including motions from incarcerated persons; I assume trial judges are equally able to perform the duties of their judicial office impartially and diligently. *See* Tex. Code Jud. Conduct, Canon 3(B)(1).

I know that people who are incarcerated are capable of being vexatious litigants and of filing frivolous motions. It is reasonable to have procedures to curb such abuses of the judicial system, and the legislature has enacted such procedures. But as long as the legislature maintains control over procedure in criminal cases, the appellate courts have no general power to assist the legislature by adopting such "extra rules."[5]

Rather than rely on "extra rules" the judiciary has no authority to adopt, I concur in the denial of relator's petitions for writs of mandamus solely based on Texas Rule of Appellate Procedure 52.3(k)(1)(A).


/s/     Charles A. Spain
Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Spain, J., concurring).

Publish — TEX. R. APP. P. 47.2(b).

---

cooperation of others is required. And finally, how does the sender take the additional step required by the "extra rules" and in effect present the request for relief to the trial judge?

[5] Furthermore, the "extra rules" the intermediate appellate courts have adopted are not narrowly tailored to screen out vexatious litigants or frivolous requests for relief.