**DENIED and Opinion Filed September 22, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00641-CV

### IN RE MELVIN CLARENCE HALL, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-76851-KV**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

In this original proceeding, Melvin Clarence Hall petitions the Court for a writ of mandamus. Relator contends he filed a pro se application for writ of habeas corpus on May 20, 2021 in which he asserted he is illegally confined and is being denied his right to a speedy trial. Because the trial court has not ruled on his writ application, relator requests the Court to compel the trial court to forward relator's writ of habeas corpus to the Court or issue an order to compel the trial court to release him. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."

TEX. R. APP. P. 52.3(j). Relator's petition contains an "inmate declaration" declaring under penalty of perjury that "the above and foregoing is true and correct to the best of my personal knowledge." Because relator does not certify that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record," or language substantially similar, the petition does not comply with rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding); *In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] orig. proceeding).

Furthermore, relator must file with his petition a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has filed a file stamped copy of the habeas application with his petition. The application is not certified nor is it a sworn copy as required by the rules of appellate procedure. Without a properly authenticated record, relator cannot show he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 759; *Hughes*, 607 S.W.3d at 137.

Moreover, even if we could take relator's habeas application at face value, it does not show he is entitled to mandamus relief. To obtain mandamus relief, relator must establish he has no adequate legal remedy and the act he seeks to compel the trial court to perform involves a ministerial act rather than a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals of Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

In a pro se motion to set aside the indictment filed as Exhibit "E" to relator's habeas application, relator certified he was serving a copy of the motion on his trial counsel. Relator is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Because relator is represented by counsel, the trial court is free to disregard appellant's pro se filings. *See id*. Thus, the trial court does not have a ministerial duty to rule upon appellant's writ application. *See id*.; *see also In re Tarkington*, No. 03-21-00194-CV, 2021 WL 1742243, at *1 (Tex. App.—Austin May 4, 2021, orig. proceeding) (mem. op.) (denying petition for writ of mandamus because respondent trial court did not have ministerial duty to rule on pro se motions filed by defendant represented by counsel); *In re Ray*, No. 04-08-

00814-CR, 2008 WL 5181696, at *1 (Tex. App.—San Antonio Dec. 10, 2008, orig. proceeding) (per curiam) (mem. op, not designated for publication) (same).

Moreover, because relator is not entitled to hybrid representation on appeal, his petition for writ of mandamus presents nothing for the Court to review. *In re Flanigan*, 578 S.W.3d 634, 636–37 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *see also In re Querishi*, No. 14-15-01100-CV, 2016 WL 546019, at *1 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, orig. proceeding) (per curiam) (mem. op.) (dismissing pro se petition for writ of mandamus to compel trial court to rule on pro se habeas petition where petition and appendix showed relator was represented by counsel).

Because relator's petition does not comply with the rules, his petition shows on its face that the trial court has not violated a ministerial duty, and he is attempting to engage in hybrid representation, we cannot conclude relator has demonstrated he is entitled to mandamus relief.

Accordingly, we deny relief. *See* TEX. R. APP. P. 52.8(a).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210641F.P05

–4–