**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed November 18, 2021.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-21-00554-CR**
**NO. 14-21-00555-CR**

**IN RE LISA MARIE SEARCY, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 942126 & 941349**

## MEMORANDUM MAJORITY OPINION

On October 6, 2021, relator Lisa Marie Searcy filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kelli Johnson, presiding judge of the 178th District Court of Harris County, to "rule on

pending pro se motions" and order the turnover of certain records "used for 942126/941349."[1]

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Ramos*, 598 S.W.3d at 473.

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). For mandamus relief to be granted, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the

---

[1] In 2003, relator was charged by indictment, and subsequently convicted by a jury, for delivering at least 400 grams of methamphetamine. *See Searcy v. State*, No. 14–03–00402–CR, 2004 WL 1315448, at *1 (Tex. App.—Houston [14th Dist.] June 15, 2004, no pet.) (not designated for publication). The jury assessed relator's punishment for a term of twenty years' in prison. *Id*. Relator challenged her conviction on direct appeal, and this court affirmed the judgment of the trial court. *Id*. at *6. Relator did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

motion has been submitted to the court for a ruling or after the party requested a ruling. *See id.* In a criminal mandamus proceeding, to establish that a motion was filed, a relator must provide the appellate court with either a file-stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *Id.* at 74 (citing *Flanigan*, 578 S.W.3d at 636); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Here, relator neither identifies in her petition a pending motion in the trial court nor attaches a file-stamped copy of a motion or any other proof that a motion in fact was filed and is pending before the trial court. *See Gomez*, 602 S.W.3d at 73–74. As such, relator has not met her burden of providing this court with a sufficient record to establish her right to mandamus relief. *See id.*

Relator has not established that she is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


/s/     Randy Wilson
Justice


Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., dissenting).

Do Not Publish — Tex. R. App. P. 47.2(b).

3