Ken Wise, Justice
On December 27, 2018, relator Thermon James Flanigan filed a petition for writ of mandamus in this court. See Tex. Gov't Code Ann. § 22.221 (Supp.) ; see also Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris County, to examine the results of alleged D.N.A. testing, hold a hearing, make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted, and notify relator of the court's ruling. See Tex. Crim. Proc. Code § 64.04.
To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. In re Powell , 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act.
*636 In re Henry , 525 S.W.3d 381 (Tex. App.-Houston [14th Dist.] 2017, orig. proceeding) (per curiam). "A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested." In re Foster , 503 S.W.3d 606, 607 (Tex. App.-Houston [14th Dist.] 2016, orig. proceeding).
As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. See Lizcano v. Chatham, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); Tex. R. App. P. 52.3(j) (relator must certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record").
To be entitled to mandamus relief for a trial judge's failure to rule on a motion within a reasonable time, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. See In re Wigley , No. 14-17-00102-CV, 2017 WL 642109, at *1 (Tex. App.-Houston [14th Dist.] Feb. 16, 2017, orig. proceeding) (per curiam) (mem. op.); In re Foster , 503 S.W.3d at 607.
To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed and is pending before the trial court. See In re Bishop , No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.-Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.); In re Henry , 525 S.W.3d at 382 (denying petition to compel ruling on motion because "[t]he documents attached to relator's petition for writ of mandamus do not reflect a file stamp establishing that they were filed in the trial court."); In re Molina , 94 S.W.3d 885, 886 (Tex. App.-San Antonio 2003, orig. proceeding) (denying petition to compel ruling on motions for DNA testing because relator failed to provide a record showing the alleged motions had been filed).[1]
Relator is not entitled to mandamus relief because he has not provided this court with any mandamus record, much less a record showing that (1) he has filed a motion requesting the trial court to hold a hearing and make a finding, as provided for by Article 64.04 of the Code of Criminal Procedure, and (2) the trial court has refused or failed to rule on such a motion within a reasonable time.
Also, relator has raised the possibility that he is represented by counsel, stating "upon notice from court appointed attorney that a motion to be removed from court appointed duties with respect to DNA Testing ..., relator sent his motion for objection (sent on 3-26-18) of court appointed attorney being released from *637 appointment ...". If relator has counsel, then he is not entitled to hybrid representation. See Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ; Patrick v. State , 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. See Gray v. Shipley , 877 S.W.2d 806, 806 (Tex. App.-Houston [1st Dist.] 1994, orig. proceeding). Relator has not provided a record showing that he is no longer represented by counsel.
For these reasons, we deny relator's petition for writ of mandamus.
( Spain, J., concurring)
Charles A. Spain, Justice
While I concur in the denial of relator's petition for a writ of mandamus, I write separately because the court does not address the real issue underlying this original proceeding: What is the minimum evidentiary threshold that a relator must meet in an original proceeding to justify the appellate court either (1) requesting a response or (2) granting the requested relief after requesting a response? See Tex. R. App. P. 52.3(g), (j), (k)(1)(A)[1] ; see also Tex. Gov't Code Ann. § 22.221(b) (Supp.) (writ power of court of appeals). In this mandamus action, relator has not met his burden of coming forward with any evidence.
Relator Thomas James Flanigan is an inmate at the Texas Department of Criminal Justice's Allan B. Polunsky Unit. He filed a petition for a writ of mandamus in which he requests that this court compel the respondent, Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris County, to "examine the results of alleged D.N.A. testing, hold a hearing, and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." See Tex. Code Crim. Proc. Ann. arts. 64.01 -.05 (proceedings in motion for forensic DNA testing).
Relator suggests that he once had appointed counsel for DNA testing:
Upon notice from court appointed attorney that a motion to be removed from court appointed duties with respect to D.N.A. testing ..., relator sent his motion for objection (sent on 3-26-18) of court appointed attorney being released from appointment to Harris County District Clerk Chris Daniel to be directed to the 174th District Court.
Relator states that he sent "a request for notification of any hearing that was held to be held [sic] to the 174th District Court Clerk (October - 2018)."
Relator claims that he "is not receiving any response as to any motions filed with court" and that he "do[es] not have the where-withawl [sic] to compel the 174th District Court to respond to any motions." Finally, relator states that he "was not notified that a motion for D.N.A. testing has been granted[,] ... was not notified that a court[-]appointed attorney had been assigned[,] ... [and] [t]here is no formal *638 legal correspondence coming from the 174th District Court."
Relator has not filed a record, and the rules require that he file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." See Tex. R. App. P. 52.7(a)(1) ; see also In re Foster , 503 S.W.3d 606, 607 (Tex. App.-Houston [14th Dist.] 2016, no pet.) (per curiam) (citing Walker v. Packer , 827 S.W.2d 833, 837 (Tex. 1992), and Tex. R. App. P. 52.7(a)(1), and concluding pro se inmate relator did not provide record sufficient to show his entitlement to mandamus relief). He has not expressly stated that he is unable to file the required record. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a), (e) (availability of unsworn declaration and jurat requirement by inmate).[2]
Relator has not come forth with any evidence that a motion for forensic DNA testing has been filed. He also has raised the possibility that he is represented by counsel, but again there is no evidence. If in fact he has counsel, then relator is not entitled to hybrid representation. See Landers v. State , 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (op. on reh'g); see also Tex. Code Crim. Proc. Ann. art. 64.01(c) (authorizing counsel for forensic DNA proceeding). This original proceeding is not about whether relator has met his evidentiary burden to justify this court ordering the respondent trial judge to act on a motion for forensic DNA resting, or even whether relator presented enough evidence to warrant this court requesting a response. See In re Henry , 525 S.W.3d 381, 382 (Tex. App.-Houston [14th Dist.] 2017, orig. proceeding) (per curiam) ("A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act."); see also Tex. Code Crim. Proc. Ann. art. 64.03 ; Tex. R. App. P. 52.4. Instead, this is an original proceeding in which relator has presented no evidence whatsoever.
( Wise, J., majority)

See also In re Edwards , No. 04-14-00463-CV, 2014 WL 3612679, at *1 (Tex. App.-San Antonio July 23, 2014, orig. proceeding) (mem. op.) (denying petition to compel ruling on motion because relator "has not provided this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is currently pending before the court and has been properly brought to the court's attention."); In re Bustillo , No. 03-13-00090-CV, 2013 WL 1570941, at *1 (Tex. App.-Austin Apr. 11, 2013, orig. proceeding) (mem. op.) (denying petition to compel ruling on motion because relator "has not provided this Court with a file-stamped copy of his motion or any other document showing that his motion has been properly filed. Without this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge.").

The subdivision of Texas Rule of Appellate Procedure 10 "Motions in the Appellate Court," Rule 10.4 "Power of Panel or Single Justice or Judge to Entertain Motions" applies to Rule 52 "Original Proceedings." Under the current Texas Rules of Appellate Procedure, a relator filing a petition for a writ of mandamus need not verify the petition, but must instead certify that every factual statement in the petition is supported by competent evidence included in the appendix or record. Compare Tex. R. App. P. 121(a)(2)(F), 49 Tex. B.J. 585 (Tex. & Tex. Crim. App. 1986, amended 1997), with Tex. R. App. P. 52.3(j). This change in the original proceedings rule may preclude a non-attorney from using Texas Rule of Appellate Procedure 10.2 to verify statements in a Rule 52 petition as competent evidence.

I note that the Court of Criminal Appeals has adopted a different mail-box rule for prisoners due to the lack of control prison inmates have over filings as opposed to the various options available to other litigants. See Campbell v. State , 320 S.W.3d 338, 343 (Tex. Crim. App. 2010). The court specifically noted that, unlike prison inmates, other litigants can place a document in the United States mail and:
they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the day the court received it.
Id. (quoting Houston v. Lack , 487 U.S. 266, 271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) ).