**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed April 14, 2020.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-20-00204-CR**

**NO. 14-20-00205-CR**

**IN RE FRANKLIN HURTADO GOMEZ, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 38751 & 38752**

## MAJORITY OPINION

On March 13, 2020, relator Franklin Hurtado Gomez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 240th District Court of Fort Bend County to rule on relator's motion for nunc

pro tunc order. Relator has not submitted a copy of any motion. In his mandamus petition, relator refers to a "Motion for Judgment Nunc Pro Tunc Order," using the singular. Yet, relator references two trial court cause numbers, so it is possible that he seeks relief as to two motions. We presume for the sake of our analysis that relator seeks mandamus relief as to a motion for nunc pro tunc order filed in each trial-court case.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling. *See In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). If a trial court fails to do so, mandamus may issue to compel the trial court to act. *See id*. For mandamus relief to be granted in the context of this case, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See id*. This legal standard is based on criminal mandamus precedent from this court. *See In re Ramos*, No. 14-20-00045-CR, — S.W.3d —, —, 2020 WL 1469552, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020, orig. proceeding). In this line of cases, our court has not applied rules of civil procedure to a criminal case; instead, this court has concluded that an appellate court should not grant mandamus relief compelling a trial court in a

2

criminal case to rule on a motion unless (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See id.*; *Flanigan*, 578 S.W.3d at 635–36. In doing so, this court properly has exercised its mandamus jurisdiction over trial-court judges in criminal cases. *See Padilla v. McDaniel*, 122 S.W.3d 805, 807–08 (Tex. Crim. App. 2003) (orig. proceeding).

This line of cases applies to all relators, whether incarcerated or not. *See, e.g., In re Ramos*, 2020 WL 1469552, at *1. This precedent does not effectively bar an incarcerated person from access to mandamus relief. *See id.* Under this precedent, an incarcerated person may obtain mandamus relief by satisfying the applicable requirements. *See, e.g., In re Ramos*, 2020 WL 1469552, at *1–2 (granting mandamus relief in favor of incarcerated person and ordering trial-court judge in criminal case to rule on the relator's motion for judgment nunc pro tunc). The Court of Criminal Appeals has recognized no exception for incarcerated persons seeking mandamus relief. Nor has the high court prescribed a different legal standard for courts of appeals considering the petitions of incarcerated persons for mandamus relief.

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See id.*; Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that

the motion in fact was filed and is pending before the trial court.  *See Flanigan*, 578 S.W.3d at 636.  Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court.  *Ramos*, 2020 WL 1469552, at *1.

Relator has not attached a file-stamped copy of either of the motions as to which he seeks mandamus relief.  In the absence of a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court, relator has not established that either of his motions is actually pending in the trial court.  *See Flanigan*, 578 S.W.3d at 636.

Even if relator had shown that his motions are properly pending, he has not demonstrated that (1) either motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on either motion within a reasonable time after the motion has been submitted to the court for a ruling or after relator requested a ruling.  *See id*. at 635–36.

Relator has not established that he is entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain. (Spain, J., concurring).

Publish — Tex. R. App. P. 47.2(b).

4