**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 30, 2020.**



In The

# Fourteenth Court of Appeals

## NOS. 14-20-00247-CR, 14-20-00248-CR, and 14-20-00249-CR

### IN RE DARREN HUGHES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1660162, 1660163, and 1494203**

## MEMORANDUM OPINION

On April 1, 2020, relator Darren Hughes filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, to rule on and grant three motions that relator alleges he has filed with the trial court: (1) motion to reduce

bail, (2) motion to dismiss Sylvia Pubchera as court-appointed counsel, and (3) motion to appoint alternative counsel.

To be entitled to mandamus relief, relator must show that (1) he lacks an adequate remedy at law for obtaining the relief he seeks and (2) what relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). "A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested." *Id.*

"As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief." *In re Ramos*, No. 14-20-00045-CR, __ S.W.3d __, 2020 WL 1469552, at *1 (Tex. App. Mar. 26, 2020, orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). For mandamus relief to be granted, the record must show, among other things, that the motion was filed and the respondent-judge did not rule on the motion within a reasonable time. *In re Ramos*, 2020 WL 1469552, at *1.

Relator did not provide this court with a record or with proof showing when his motions were filed. Absent such information, our court cannot determine whether the trial court failed to rule on the motions within a reasonable time. *See In re Lucio*, No. 03–12–00056-CV, 2012 WL 593533, at *2 (Tex. App.–Austin Feb. 23, 2012,

2

orig. proceeding) (mem. op.); *In re Hasty*, No. 12-03-00317-CV, 2003 WL 22240530, at *1 (Tex. App.—Tyler Sept. 30, 2003, mem. op.) ("Relator has furnished no information which allows us to determine when the trial court first had actual knowledge of the motion, the reason for the trial court's failure to act, the state of its docket, or its schedule. Without such information, we cannot determine whether the trial court has had a reasonable time for the trial court to conduct a hearing and rule on Relator's motion.").

For these reasons, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).