**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 3, 2021.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-21-00381-CR**
**NO. 14-21-00382-CR**
**NO. 14-21-00383-CR**
**NO. 14-21-00384-CR**

---

**IN RE ALVA Z. MCGRATH JUNIOR, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 940494, 940495, 940496, 881224**

## MEMORANDUM OPINION

On July 12, 2021, relator Alva Z. McGrath Junior filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Ana Martinez, presiding judge of the 179th District Court of Harris County, to rule on and grant two motions—a motion for appointment of counsel and a motion to

compel the district attorney's office to give DNA results to defendant—which relator alleges he filed with the district court.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Ramos*, 598 S.W.3d at 473.

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see* Tex. R. App. P. 52.3(k)(1)(A) (relator's petition must include an appendix with "a certified or sworn copy of . . . the document showing the matter complained of"); Tex. R. App. P. 52.7(a)(1) (relator must file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that a motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that

2

the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74.

Relator has not met his burden to provide the court with a sufficient record demonstrating his entitlement to mandamus relief. Although relator has submitted a copy of a "Formal Request to Rule on Defendant(s) [sic] Motions" that includes a declaration and a certificate of service that the request was mailed to the trial court on March 31, 2021, relator has not submitted a file-stamped copy of either of the motions as to which he seeks mandamus relief. In the absence of a file-stamped copy of the motions or other proof that the motions in fact were filed and are pending before the trial court, relator has not established that either of his motions are actually pending in the trial court and that the trial court has not acted on those motions within a reasonable time. *See Gomez*, 602 S.W.3d at 74.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain. (Justice Spain dissents and would dismiss for lack of a proper original-proceeding record.).
Do Not Publish — Tex. R. App. P. 47.2(b).