**Memorandum Dissenting Opinion to Request for Response filed October 14, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00545-CV

_____

## IN RE MARATHON OIL EF; MARATHON OIL EF II, LLC; AND MARATHON OIL COMPANY, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-56688**

---

### MEMORANDUM DISSENTING OPINION

Because the court implicitly addresses the merits of the petition despite the absence of a proper record, I dissent to proceeding with this matter without first giving relators notice and an opportunity to cure the deficiency. Relators' verification of the mandamus record does not appear to meet the requirement of Tex. R. App. P. 52.7(a)(1)—that relators must file a certified or sworn copy of every document that is material to the relators' claim for relief and that was filed in the underlying proceeding—as the verification is neither an affidavit nor

substantially complies with an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(c) (requiring the declaration reflect it be "as true under penalty of perjury."). Our system requires that someone with knowledge state under penalty of perjury that the record brought to this court is true; the court cannot put itself in the position of accepting records in some cases that meet this standard while turning a blind eye to others that do not.

When relators are pro se, incarcerated individuals, this court goes beyond the requirements of Texas Rule of Appellate Procedure 52 and imposes "extra rules" that block access to justice. *See, e.g.*, *In re Gomez*, 602 S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (orig. proceeding) (Spain, J., concurring); *In re Pete*, 589 S.W.3d 320, 322–24 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (orig. proceeding) (Spain, J., concurring); *In re Flanigan*, 578 S.W.3d 634, 637–38 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (orig. proceeding) (Spain, J., concurring). Yet the court here does not enforce the actual rules regarding a proper record in an original proceeding.

I would follow the plain meaning of Civil Practice and Remedies Code section 132.001(c) and Texas Rule of Appellate Procedure 52.7(a). Tex. R. App. P. 52.7(a) ("Relator *must* file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.") (emphasis added); *see* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(c). Because the Code Construction Act applies to the Texas Rules of

2

Appellate Procedure, the word "must" creates or recognizes a condition precedent. Tex. Gov't Code Ann. §§ 311.002(4) (applying Act to rules), .016(3) (defining "must").

Our duty as judges is to reach a decision on the merits based on a proper record. Due process and due course of law require that this court give notice when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure. I would give relators 10-days notice of involuntary dismissal for failure to comply with Texas Rule of Appellate Procedure 52.7(a). *See In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding). Parties before the court should be treated impartially.

Regardless of the court's reluctance in this matter, I am confident that relators can swiftly cure the mandamus record so that this original proceeding can be decided on the merits.

/s/     Charles A. Spain
         Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., dissenting).

3