**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed October 14, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00524-CR
### NO. 14-21-00525-CR

### IN RE ERSKIN K. HARRIS, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
182nd District Court
Harris County, Texas
Trial Court Cause Nos. 745707 & 737811**

## MEMORANDUM MAJORITY OPINION

On September 16, 2021, relator Erskin K. Harris filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Danilo Lacayo, presiding judge of the 182nd District Court of Harris County, to rule on his motion for DNA testing.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.— Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Ramos*, 598 S.W.3d at 473.

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). For mandamus relief to be granted, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See id.* In a criminal mandamus proceeding, to establish that a motion was filed, a relator must provide the appellate court with either a file-stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *Id.* at 74 (citing *Flanigan*, 578 S.W.3d at 636); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). The copy of

relator's motion does not bear a file stamp establishing that it is in fact pending in the trial court.

Even if relator had shown that his motion is properly pending, he has not demonstrated that the motion was brought to the attention of the trial court. Like the motion, relator has submitted a copy of a letter allegedly sent that does not bear a file stamp to demonstrate presentment. The trial court is not required to consider a motion that has not been called to its attention by proper means. *Henry*, 525 S.W.3d at 382. Moreover, relator failed to include a jurat that satisfies the requirements of Tex. Civ. Prac. & Rem. Code § 132.001.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

/s/    Randy Wilson
       Justice

Panel consists of Justices Jewell, Spain, and Wilson. (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).