**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed November 18, 2021.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-21-00554-CR**
**NO. 14-21-00555-CR**

---

**IN RE LISA MARIE SEARCY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 942126 & 941349**

---

## MEMORANDUM DISSENTING OPINION

Here we go again with imposing "extra rules" that block access to justice by requiring individuals acting pro se who are in jail or prison to "present" the relevant motion or application to the trial court judge and that a filed-marked copy of the relevant motion or application must be part of the mandamus record. *See In re Gomez*, 602 S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (orig. proceeding) (Spain, J., concurring); *In re Pete*, 589 S.W.3d 320, 322–24

(Tex. App.—Houston [14th Dist.] 2019, no pet.) (orig. proceeding) (Spain, J., concurring); *In re Flanigan*, 578 S.W.3d 634, 637–38 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (orig. proceeding) (Spain, J., concurring); *In re Marshall*, No. 14-20-00318-CR, 2020 WL 3467262 (Tex. App.—Houston [14th Dist.] June 25, 2020, no pet.) (mem. op., not designated for publication) (orig. proceeding) (Spain, J., concurring). In each of the cited cases, there was a valid reason to not grant the requested relief, yet this court nonetheless disposed of the cases on the "extra rules" that are supported only in caselaw, not by reasoned authority.

In these two petitions for a writ of mandamus, relator has not complied with actual rules, Texas Rule of Appellate Procedure 52.3(j) and (k) and 52.7(a). Tex. R. App. P. 52.3(j) ("The person filing the petition *must* certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.") (emphasis added), (k)(1) (necessary contents of appendix); 52.7(a) ("Relator *must* file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.") (emphasis added). Because the Code Construction Act applies to the Texas Rules of Appellate Procedure, the word "must" creates or recognizes a condition precedent. Tex. Gov't Code Ann. §§ 311.002(4) (applying Act to rules), .016(3) (defining "must"). That is a legitimate reason—based on legitimate rules—to not grant relator's requested relief.

2

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relator 45-days notice of involuntary dismissal for failure to comply with Texas Rule of Appellate Procedure 52.3(j) requiring relator to certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record, 52.3(k) requiring certain documents be included in the appendix, and 52.7(a) requiring (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.3(j), (k)(1); 52.7(a); *see In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (authorizing unsworn declarations).[1]

---

[1] I realize the difficulty a pro se, incarcerated relator has in complying with these Rules 52.3(j) and (k) and 52.7(a), but original proceedings have been filed by pro se, incarcerated relators in this court that do comply with those rules. I have no idea how a relator could comply with the "extra rules" if the trial court and trial-court clerk do not furnish filed-marked copies. My view of due process and due course of law is not restricted so narrowly as offering a pro se, incarcerated relator access to justice only if public officials voluntarily assist a relator in a proceeding in which the actions of public officials are being questioned.

I dissent from the court's failure to provide notice and an opportunity to cure in each of these two petitions for a writ of mandamus.


           /s/      Charles A. Spain
                     Justice

Panel consists of Justices Jewell, Spain, and Wilson (Wilson, J., majority).
Do Not Publish — Tex. R. App. P. 47.2(b).