**Opinion issued April 21, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00537-CR

———————————

## IN RE SHERMAN MARVIN FRANK, Relator

———————————

**Original Proceeding on Petition for Writ of Mandamus**

———————————

## MEMORANDUM OPINION

Relator, Sherman Marvin Frank, has filed a petition for writ of mandamus, challenging the alleged failure of the trial court to rule on a motion for discovery.[1]

We deny the petition.

---

[1] The underlying case is *The State of Texas v. Sherman Marvin Frank*, cause number 810774-C, pending in the 339th District Court of Harris County, Texas, the Honorable Te'iva J. Bell, presiding.

To be entitled to mandamus relief, a relator must show that the act he seeks to compel is a ministerial one and that he has no adequate remedy at law for obtaining the relief he seeks. *See In re Powell*, 516 S.W.3d 488, 494 (Tex. Crim. App. 2017). If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on that motion within a reasonable time after the motion has been submitted to the court or after the party requested a ruling. *See In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). To establish that he is entitled to mandamus relief for the trial court's failure to rule on a motion, the relator must present a record showing that "(1) the motion was filed and brought to the attention of the respondent judge for a ruling, and (2) the respondent judge has not ruled on the motion within a reasonable time after the motion was submitted to the trial court for a ruling or after the party requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator bears the burden of providing this Court with a record sufficient to establish his right to relief. *See id.*; Tex. R. App. P. 52.7(a)(1). To show that the motion was filed, relator must provide either a file-stamped copy of the motion or other proof establishing that the motion was filed and is pending and that the motion was brought to the trial court's attention. *See Gomez*, 601 S.W.3d at 73. Mere filing of a motion is insufficient to show that the

2

motion was brought to the trial court's attention "because the clerk's knowledge is not imputed to the trial court." *Id.*

Relator claims that his motion has been pending for three months, but he does not provide a record supporting this statement. Although relator states in his petition that he has attached a copy of the motion for discovery as Exhibit A, no exhibit is attached to his petition. And even if he had attached a file-stamped copy of the motion, he does not assert how he brought this motion to the trial court's attention.

Thus, relator has not provided a record sufficient to show that the motion was filed, is pending in the trial court, and that he brought the motion to the attention of the trial court. Accordingly, relator has not established his entitlement to relief.

**PER CURIAM**

Panel consists of Justices Kelly, Goodman, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

3