**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed May 19, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00744-CR**
**NO. 14-21-00745-CR**
**NO. 14-21-00746-CR**
**NO. 14-21-00747-CR**

---

**IN RE ALVA Z. MCGRATH JUNIOR, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 940494, 940495, 940496 & 881224**

---

## MEMORANDUM MAJORITY OPINION

On December 20, 2021, relator Alva Z. McGrath Junior filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ana Martinez, presiding judge of the 179th District Court of Harris County, to rule on

his motion to compel the Harris County District Attorney's Office to give DNA results to relator and his motion to appoint counsel.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Id.*

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1)(A) (relator's petition must include an appendix with "a certified or sworn copy of . . . the document showing the matter complained of"); Tex. R. App. P. 52.7(a)(1) (relator must file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that a motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74.

Relator previously filed a petition for writ of mandamus requesting the same relief as he does in this petition. *See In re McGrath*, Nos. 14-21-00381-CR, 14-21-00382-CR, 14-21-00383-CR, and 14-21-00384-CR, 2021 WL 3359244, at *1 (Tex.

2

App.—Houston [14th Dist.] Aug. 21, 2021, orig. proceeding) (mem. op., not designated for publication). We denied relator's first petition for failing to provide a record sufficient to show his entitlement to mandamus relief. *Id.* Specifically, relator had not provided this court with file-stamped copies of his motions or other proof that the motions in fact were filed and pending in the trial court and the trial court had not acted on those motions within a reasonable time. *Id.*

Relator states in his current petition that he has unsuccessfully attempted to obtain file-stamped copies of his motions from the clerk's office. Relator has included a copy of the certified mail card showing that someone at the district clerk's office signed for it on September 2, 2021. *See Gomez*, 602 S.W.3d at 71, 74. Relator asks this court to accept the copies in the mandamus record as having been filed in the trial court. Assuming arguendo that relator's motions have been filed and are pending in the trial court, relator has not shown that the trial court is aware of the motions or that a reasonable time had passed without the trial court taking any action on his motions. *See Gomez*, 602 S.W.3d at 74.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).