**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed May 23, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00025-CR

---

### IN RE ALFRED HENDERSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1734417**

---

### MEMORANDUM OPINION

On January 12, 2023, relator Alfred Henderson filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Henderson asks this Court to compel the Honorable Colleen Gaido, presiding judge of the 337th District Court of Harris County, to rule on his motion for trial records. We requested a response to the petition from the real party in interest by April 14, 2023; however, no response has been filed.

Because we conclude Judge Gaido has not ruled on Henderson's motion within a reasonable time and Henderson lacks another adequate legal remedy, we conditionally grant mandamus relief.

## I. Analysis

### A. Failure to Rule

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Ramos*, 598 S.W.3d at 473.

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). For mandamus relief to be granted, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a

2

ruling. *See id*. In a criminal mandamus proceeding, to establish that a motion was filed, a relator must provide the appellate court with either a file-stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *Id*. at 74 (citing *Flanigan*, 578 S.W.3d at 636); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

## B. Duty to Act on Properly Filed and Presented Motion within a Reasonable Time

In April 2022, Henderson was convicted of aggravated assault of a family member and sentenced to two years' imprisonment pursuant to a plea agreement. Thereafter, on June 7, 2022, Henderson filed a motion with the trial court styled "Applicant's in forma pauperis motion for court records," seeking his "sentence and judgment and docket list." Henderson attached to his motion an affidavit of indigency.[1]

On September 29, 2022, Henderson filed another motion styled "Petitioner's motion to compel clerk to produce docket sheet and sentence and judgment records." In the motion to compel, Henderson referenced his prior, June 7, 2022 request for the records and that he had not received a response or ruling.[2]

Henderson has presented a mandamus record showing the trial court has failed to perform a ministerial act. Henderson has demonstrated that he filed a motion with the trial court last summer, presented the motion last fall, and waited for a reasonable time (over six months) for a ruling from the trial court before

---

[1] Exhibit A of the appendix to Henderson's mandamus contains a copy of the documents filed on June 7, 2022.

[2] Exhibit B of the appendix to Henderson's mandamus contains a copy of the documents filed on September 29, 2022.

seeking mandamus relief. The motion has remained pending without a ruling for almost a year. While there is no precise test to determine whether the amount of time it takes a trial court to rule is reasonable, the trial court's delay in ruling in this case is unreasonable.

## II. Conclusion

Accordingly, without addressing the merits of the pending motion,[3] we conditionally grant the petition for a writ of mandamus and direct the trial court to rule on Henderson's motion for trial records within thirty days of the date of this memorandum opinion. We are confident the trial judge will act in accordance with this memorandum opinion and the writ will issue only if the trial court fails to do so.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] We consider whether a trial judge has failed to perform the ministerial act of considering and ruling on a motion. The merits of a motion are immaterial to the ministerial duty to rule on the motion. *See Ramos*, 598 S.W.3d at 474.