COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| IN RE GERARDO OGAZ, | § | No. 08-23-00344-CR |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

Relator Gerardo Ogaz filed a petition for writ of mandamus. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52.1 Relator asks this Court to compel the Honorable Maria Salas-Mendoza, the presiding judge of the 120th District Court, to rule on four motions he purportedly filed in trial cause number 20110D02663. In that cause, he claims he was convicted of evading arrest with a motor vehicle. Here, he asserts the motions relate to a "non-pending" petition for state habeas corpus.

To be entitled to mandamus relief, a relator must establish two elements. First, he must show that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). Second, he must show there is no adequate remedy by appeal. *Id.*

Generally, "[a] trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *See In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1 (Tex. App.—El Paso Nov. 22, 2019) (orig. proceeding) (not designated for publication). However, to be entitled to mandamus relief pertaining to motions not yet ruled upon, a relator must establish that "(1) the trial court had a legal duty to rule on the motions; (2) was asked to rule on the motions; and (3) failed or refused to rule on the motions within a reasonable time." *In re Liverman*, 658 S.W.3d 881, 882 (Tex. App.—El Paso 2022) (orig. proceeding) (quoting *In re Harris*, 2019 WL 624315, at *1). Moreover, the trial court has no duty to rule on or consider a motion not properly presented for a ruling. *Id.*

Relator bears the burden to produce a sufficient record establishing he is entitled to relief. *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021) (orig. proceeding); TEX. R. APP. P. 52.7 (a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). As relevant here, "the record must show both that the motion was filed and [it was] brought to the attention of the judge for a ruling." *In re Flanigan*, 578 S.W.3d 634, 636 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Relator's appendix to his petition includes the following four motions: (1) a motion for a free reporter's and clerk's record; (2) a motion to compel the district attorney for inspection of an open/public record's file; (3) a motion to compel Maria Hernandez to send defendant his client attorney file; and (4) a motion for public records, warrants, affidavits, police reports, witness report and documents used to enhance. He alleges the motions were filed on March 26, 2023. None of the motions, however, include a file stamp reflecting they were properly filed with the district court.

2

Notably, the appendix also includes a letter from the 120th District Court, dated April 4, 2023, in which the court acknowledges receipt of a motion seeking to compel the district attorney to produce public records. This letter, however, further notifies Relator that the district court no longer retains jurisdiction over *State of Texas vs. Gerardo Ogaz*, trial cause number 20110D02663, which he had referenced. Moreover, the letter informs Relator that if he was seeking public records, he may be able "to request them directly from the DA's office."

On review of the mandamus record, we conclude it does not establish that Relator's motions were filed and brought to the attention of the trial court in a currently pending case. Further, even if Relator's motions had been file-stamped, the record is also absent of any evidence establishing that any of the motions were properly presented for rulings. *In re Pete*, 589 S.W.3d 320, 321–22 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (per curiam) (noting that filing a document with the trial court is insufficient to show presentment or a request to rule on the motion). Because Relator failed to establish entitlement to mandamus relief, we deny the petition for writ of mandamus.

GINA M. PALAFOX, Justice

December 7, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

(Do Not Publish)

3