**Petition for Writ of Mandamus Denied, and Memorandum Majority and Dissenting Opinions filed June 4, 2024.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-24-00182-CR

_____

### IN RE MARK HONSAKER, Relator

| |
|---|
| **ORIGINAL PROCEEDING**<br>**WRIT OF MANDAMUS**<br>**405th District Court**<br>**Galveston County, Texas**<br>**Trial Court Cause No. 23-CR-3047** |

## MEMORANDUM DISSENTING OPINION

Yet again this court denies mandamus relief to an incarcerated person in part on the erroneous notion that in criminal cases, motions—other than motions for new trial—must in effect be *presented* to the trial court, not merely *filed.* A majority of the *In re Pete* court recognized that the appellate opinions setting forth special rules for incarcerated persons in criminal cases (the "extra rules") have an underlying basis in civil procedure and motion-for-new-trial criminal procedure,

not procedure authorized by the legislature in the Code of Criminal Procedure. *In re Pete*, 589 S.W.3d 320, 324 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain & Poissant, JJ., concurring).

As in *Pete*, there is a simple, meritorious basis for the court to deny the petitions based on the Texas Rules of Appellate Procedure:

(1) 52.3(k)(1)(A)—lack of an appendix containing a certified or sworn copy of any order complained of, or any other document showing the matter complained of;

(2) 52.7(a)(1)—lack of a record containing a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding (this includes (1) above (the appendix), but potentially requires more documents than (1)); and

(3) 52.7(a)(2)—lack of a record containing a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

Relator simply has not provided this court with the motions that are allegedly pending before the trial court.[1] *Id.* at 322. Relator makes no express claim that he is unable to file the required appendix and/or record. *See In re*

---

[1] Neither Texas Rule of Appellate Procedure 52.3(k)(1)(A) nor 52.7(a)(1) requires that a motion included in either the appendix or record must be a "file-stamped copy of the motion." Instead, both rules require such a motion to be a "certified or sworn copy." Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1). It is the court's "extra rules" that require a "file-stamped copy of the motion."

*Flanigan*, 578 S.W.3d 634, 638 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring).

Rather than follow the Texas Rules of Appellate Procedure, the court continues to cite cases that set out "extra rules" that an incarcerated person cannot satisfy without the cooperation of public servants in the trial court and clerk's office. And if for any reason those public servants don't cooperate, then it appears the answer to the incarcerated person is, "Too bad."[2]

I do not understand why an appellate court believes it is appropriate to adopt "extra rules" that effectively bar an incarcerated person from access to mandamus and other extraordinary relief. The justices on this court manage to hear and decide matters assigned to them, including motions from incarcerated persons; I assume trial judges are equally able to perform the duties of their judicial office impartially and diligently. *See* Tex. Code Jud. Conduct, Canon 3(B)(1).

I know that people who are incarcerated are capable of being vexatious litigants and of filing frivolous motions. It is reasonable to have procedures to curb such abuses of the judicial system, and the legislature has enacted such procedures.

---

[2] If an incarcerated person mails a motion or other request for relief that is properly addressed and contains sufficient postage, then should it not be assumed the request was received? And if, for whatever reason, the sender does not receive a response from the trial-court judge or clerk, then how does the sender conclusively prove that the request for relief was received? Even if the sender pays for a "green card" (Domestic Return Receipt PS Form 3811), assuming an incarcerated person has access to the United States Postal Service, that "green card" does not conclusively prove what was sent. The "extra rules" require a "file-stamped copy," for which the incarcerated person must rely on the cooperation of public servants in the trial court and clerk's office. And finally, how does the sender take the additional step required by the "extra rules" and in effect present the request for relief to the trial judge? Relator claims to be in the Galveston County jail, and I rather doubt there are "hall passes" available at the jail to allow relator to go present his motions to the trial judge.

But so long as the legislature maintains control over procedure in criminal cases, the appellate courts have no general power to assist the legislature by adopting such "extra rules."[3]

Rather than rely on "extra rules" the judiciary has no authority to adopt, I would follow due process and due course of law, give relator notice that his petition does not comply with the Texas Rules of Appellate Procedure as previously explained, and give relator 30-days' notice of involuntary dismissal for failure to comply with Texas Rule of Appellate Procedure 52.7(a) requiring (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.7(a); *see In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1) (necessary contents of petition) Tex. Civ. Prac. & Crim. Code Ann. § 132.001 (authorizing unsworn declarations).

---

[3] Furthermore, the "extra rules" the intermediate appellate courts have adopted are not narrowly tailored to screen out vexatious litigants or frivolous requests for relief.

I dissent from the court's failure to provide notice and an opportunity to cure. And while I recognize that the "extra rules" are this court's precedent, I would vote to overrule that clearly erroneous precedent in an en banc vote. Finally, I express no opinion on the merits of the petition for a writ of mandamus.

/s/ Charles A. Spain
   Justice

Panel consists of Justices Wise, Hassan, and Spain (Spain, J., dissenting).

Do Not Publish — Tex. R. App. P. 47.2(b).