**Petition for Writ of Mandamus Denied and Opinion filed August 15, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00553-CR**

---

**IN RE MARCUS TYRONE GRANT, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**506th District Court**
**Waller County, Texas**
**Trial Court Cause No. MG24-0444-JP1**

---

## MEMORANDUM OPINION

On Wednesday, July 31, 2024, relator Marcus Tyrone Grant filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Gary W. Chaney, presiding judge of the 506th District Court of Waller County, to

rule on relator's June 2024 motions "requesting recusal of Judge Chaney" and requesting "self representation with hybrid counsel."

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Flanigan*, 578 S.W.3d 634, 635 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (citing *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding)). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *Flanigan*, 578 S.W.3d at 635. "A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested." *Id.* at 636 (quoting *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding)).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *Flanigan*, 578 S.W.3d at 636; *see* Tex. R. App. P. 52.7(a)(1) (relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding."); Tex. R. App. P. 52.3(j) (relator must certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record.")

To be entitled to mandamus relief for a trial judge's failure to rule on a motion within a reasonable time, the record must show both that the motion was

2

filed and brought to the attention of the judge for a ruling. *Id*. To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed and is pending before the trial court. *Id.* Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.— Houston [14th Dist.] 2020, orig. proceeding.)

Relator is not entitled to mandamus relief because he has not provided this court with any mandamus record. We deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Wise, Bourliot, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).

3