**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 29, 2024.**



In The

# Fourteenth Court of Appeals

NO. 14-24-00597-CR
NO. 14-24-00598-CR
NO. 14-24-00599-CR
NO. 14-24-00600-CR
NO. 14-24-00601-CR

## IN RE MARCUS TYRONE GRANT, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
506th Judicial District Court
Waller County, Texas
Trial Court Cause Nos., MG24-0367-JP1, MG24-0369-JP1, MG24-0370-JP1,
MG24-0371-JP1, MG24-0444-JP1

## MEMORANDUM OPINION

On Thursday, August 22, 2024, relator Marcus Tyrone Grant filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Gary W. Chaney, presiding judge of the 506th Judicial District Court of Waller County and Charles J. Karesch, Justice of the Peace, Precinct 1 of Waller County, to rule on pending motions.

## Justice of the Peace

Relator has filed a petition for writ of mandamus regarding the actions of a justice of the peace. This Court does not have jurisdiction to issue a writ of mandamus against a justice of the peace. *See* Tex. Gov't Code Ann. § 22.221(b)–(c); *see also In re Grubbs*, No. 14-24-00063-CV, 2024 WL 807204, at *1 (Tex. App.—Houston [14th Dist.] Feb. 27, 2024, orig. proceeding) (mem. op.) (per curiam) (dismissing mandamus petition for lack of jurisdiction); *In re Castro*, No. 02-23-00489-CV, 2024 WL 23627, at *1 (Tex. App.—Fort Worth Jan. 2, 2024, orig. proceeding) (mem. op) (per curiam) (same); *In re Garcia*, No. 13-18-00651-CV, 2018 WL 6219254, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 28, 2018, orig. proceeding) (mem. op.) (same). As such, we dismiss relator's petition for want of jurisdiction to the extent it seeks mandamus relief against a justice of the peace.

## District Court

Relator also has filed a petition against the district court judge. To be entitled to mandamus relief, a relator must show (1) the relator has no adequate

remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Flanigan*, 578 S.W.3d 634, 635 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (citing *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding)).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *Flanigan*, 578 S.W.3d at 635. For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id.* at 73-74. Relator has not provided this Court with a mandamus record to demonstrate that the motions relator seeks a ruling on have been filed. Further, relator has not demonstrated that he brought the alleged pending motions to the attention of the respondent-judge for a ruling. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The respondent-judge is not required to consider a motion that has not been called

3

to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Relator has not made the requisite showing. Because relator has not provided this court with a sufficient record, we dismiss relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Wise, Bourliot, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).