**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 8, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00015-CR

### IN RE DEANDRE DYNELL DEBOEST, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1737576**

## MEMORANDUM OPINION

On January 10, 2022, relator Deandre Dynell Deboest filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Lori Chambers Gray, presiding judge of the 262nd District Court of Harris County, to remove the public defender from his case and respect his "Constitutional right of

self-representation motion, acknowledging waiver of counsel, that [he has] been sending over the last 4 months . . . ."

With regard to relator's complaint that the trial court has failed to rule on his *pro se* motion for self-representation, to be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Ramos*, 598 S.W.3d at 473.

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). For mandamus relief to be granted, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See id.* In a criminal mandamus proceeding, to establish that a motion was filed, a relator must provide the appellate court with either a file-stamped copy of the motion or other

proof that the motion is, in fact, filed and pending in the trial court. *Id*. at 74 (citing *Flanigan*, 578 S.W.3d at 636); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Here, relator neither attaches a file-stamped copy of a motion nor any other proof that a motion in fact was filed and is pending before the trial court. *See Gomez*, 602 S.W.3d at 73–74. As such, relator has not met his burden of providing this court with a sufficient record to establish his right to mandamus relief. *See id*. On this record, relator has not shown that he is entitled to mandamus relief.

For these reasons, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).

3