**Petition for Writ of Mandamus Denied, and Memorandum Majority and Dissenting Opinions filed June 4, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00182-CR

---

### IN RE MARK HONSAKER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 23-CR-3047**

---

### MEMORANDUM MAJORITY OPINION

On Tuesday, March 12, 2024, relator Mark Honsaker filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jared Robinson, presiding judge of the 405th District Court of Galveston County, to rule on six motions filed with the court.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (quoting *Powell v. Hocker*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding)). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *Ramos*, 598 S.W.3d at 473.

As the party seeking relief, it is relator's burden to provide a sufficient record to establish that relator is entitled to mandamus relief. *Gomez*, 602 S.W.3d at 73. For mandamus relief to be granted, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See id*. In a criminal mandamus proceeding, to establish that a motion was filed, a relator must provide the appellate court with either a file-stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *Id*. at 74 (citing *Flanigan*, 578 S.W.3d at 636); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Here, relator failed to attach file-stamped copies of the motions or any other proof that the motions in fact were filed and are pending before the trial court. *See Gomez*, 602 S.W.3d at 73–74. As such, relator has not met his burden of providing this court with a sufficient record to establish his right to mandamus relief. *See id*.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan (J. Spain dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).

3